UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CR-20324-HOEVELER

**UNITED STATES OF AMERICA**

    Plaintiff,

v.

**MICHAEL PERICLES,**

    Defendant.

### ORDER AND REASONS

**BEFORE** the Court is the defendant's post-trial motion for judgment of acquittal, or, in the alternative, for a new trial. For the reasons that follow, the motion is DENIED.

### Background

On July 13, 2009, Michael Pericles went to trial for possessing guns and ammunition in violation of 18 U.S.C. § 922(g)(1). After the government's presentation of evidence, defense counsel moved for judgment of acquittal, arguing the government failed to establish that the guns and bullets found at Pericles's home had ever traveled in interstate commerce. Specifically, defense counsel asserted that the ATF expert who testified about the origin of the weapons, "did no independent investigation other than consulting magazines, books, and what [appears] on the sidearm or firearm itself or the bullets" to reach his conclusion the guns were manufactured outside of Florida. In presenting his motion for acquittal at trial, defense counsel

acknowledged that the ATF expert testified about markings on the side of the firearms, that "one of them that was made in Russia, one in China, and the other one, I believe, is Romania," but nevertheless found fault in the agent's failure to independently verify this information by contacting the manufacturers. The Court denied the motion for acquittal. On July 9, 2009, after the defendant presented his case and the jury was charged, the jury returned a verdict of guilty as to the charge in the indictment "[a]s to the Browning .9 millimeter semi-automatic pistol and four(4) rounds of .9 millimeter Luger ammunition" and guilty "[a]s to the three (3) semi-automatic rifles and ammunition in the bag."

I.

Federal Rule of Criminal Procedure 29 provides for a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. When a defendant moves for a judgment of acquittal under Rule 29, the Court must review the evidence in the light most favorable to the government and must deny the motion "unless, under no reasonable construction of the evidence, could the jury have found the [defendant] guilty beyond a reasonable doubt." United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005) (citations omitted). Additionally, "[a]ll reasonable inferences and credibility choices must be made in favor of the government and the jury's verdict." Id.

In seeking a judgment of acquittal, the defendant draws

attention to the testimony of ATF Special Agent Howard Greene,[1] who, according to the defendant, critically failed to testify which part of the gun was marked "made in" a foreign location. Factually, this assertion is false. In the motion for acquittal, defense counsel submits that, with respect to the two Romarm/Cugir 7.62 x 39 millimeter semi-automatic rifles admitted as Exhibits 11 and 12, "[w]hile it is undisputed these rifles are inscribed 'made in Romania,' there was no testimony of whether these inscriptions were located on the slide (not a firearm) or the receiver/frame (firearm) of the rifles." In fact, Agent Greene specifically testified about markings on the frames:

> I'm familiar with the manufacturer. I've examined many of these, many of these exact firearms in the past. So I'm familiar with Romarm/Cugir. I could identify it by looking at it. . . . In addition, I research the markings on there, which are on the right side of the frame, which is where it's always typically marked in the same type of engraving, 'made by CN Romarm SA/Cugir in Romania, imported CIA, Georgia, Vermont,' which as I said before, is the importer. Look at those markings.

Agent Greene also testified about markings on the Browning and the Chinese SKS firearms, indicating they were manufactured outside of Florida. Agent Greene's expert testimony was based on his

---

[1] Agent Greene is a 19-year veteran of the ATF who received specialized training in firearms identification in 1990, 1991, 1995, and 1999, including "ATF Firearms Interstate Nexus Training," and "Advanced Interstate Nexus Training," and has been qualified as an expert in firearms identification and classification more than 50 times. He was accepted as an expert in this case without objection.

3

experience, examination of the weapons, research into their origin, and markings on the firearms. This evidence was sufficient to establish a nexus to interstate commerce. See United States v. Clay, 355 F.3d 1281, 1287 (11th Cir. 2004) (absent objection or contrary argument made to jury, jury could infer gun seized in Georgia with inscription "Colt Manufacturing Company, Hartford, Ct." affected interstate commerce); United States v. Gipson, 163 Fed.Appx. 788, 791 (11th Cir. 2005) (expert testimony about manufacture markings on parts of the gun sufficient to establish interstate nexus); United States v. Corey, 207 F.3d 84, 90-91 (1st Cir. 2000) (observing that government may establish interstate nexus element by competent evidence without reference to gun markings); Unites States v. Humphreys, 468 F.3d 1051, 1054 (7th Cir. 2006) (finding "no case in which a court has overturned a conviction under § 922(g) simply because the government failed to have the serial number [of the gun] traced"). Likewise, Agent Greene provided sufficient expert testimony that the ammunition recovered from the defendant was manufactured outside of Florida, based on markings on the bullets and his independent research. See United States v. Floyd, 281 F.3d 1346, 1349 (11th Cir. 2002). Based on the evidence presented, a rational jury could have concluded the guns and ammunition traveled in or affected interstate commerce. The defendant's motion for a judgment of acquittal is denied.

II.

Pursuant to Federal Rule of Criminal Procedure 33(a), a district court may "grant a new trial if the interest of justice so requires." This standard may encompass unsound and legally erroneous rulings at trial, as well as instances of evidence preponderating "sufficiently heavily against the verdict [such] that a serious miscarriage of justice may have occurred." United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985) (citation omitted). The defendant submits that the Court should have allowed him to present evidence about an alleged robbery that took place in the neighborhood sometime before the police found the firearms at the Pericles home. The circumstances of why the police were initially summoned to the area, or what Mr. Pericles was doing earlier that day, are irrelevant to whether he possessed a bag of rifles and a Browning pistol in his backyard. In any event, information about the 911 call and incidents in the neighborhood was not exculpatory, and Mr. Pericles was not prejudiced by its exclusion. The defendant's request for a new trial on this ground must be denied.

III.

Finally, defense counsel submits that a month after the trial, the Federal Public Defender arranged for Mr. Pericles to take a polygraph examination, during which he denied possessing the guns on the day in question. According to the examiner's report, the

probability of truthfulness of Mr. Pericles's answers was rated at 91.3 percent.

The defendant has not articulated why this information is being presented now, or what bearing it has on the request for a new trial. To the extent the defendant is suggesting the polygraph report constitutes newly discovered evidence warranting a new trial, this argument fails. A new trial is warranted based upon circumstances coming to light after trial only if the following five part test is satisfied: (1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result. See United States v. Lee, 68 F.3d 1267, 1273 (11th Cir. 1995). The Court is not satisfied that the second, third, or fifth prongs of the test have been met. Additionally, the results of the test almost certainly would have been inadmissible. In United States v. Piccinonna, 885 F.2d 1529 (11th Cir.1989) (en banc), the court of appeals identified two exceptions to the per se rule excluding polygraph evidence. It may be admitted, (1) when the parties stipulate in advance as to the test's circumstances and scope of its admissibility, or (2) to impeach or corroborate the testimony of a witness at trial. The panel explained, however, that the ruling "should not be construed to preempt or limit in any way

the trial court's discretion to exclude polygraph expert testimony on other grounds under the Federal Rules of Evidence." Id. at 1536. Here, there was no stipulation by the parties, and Mr. Pericles did not testify, so the results could not have been used to corroborate his story. And, in any event, the nature and phrasing of the polygraph questions would have raised serious questions about their admissibility under the Federal Rules of Evidence. The Court is not satisfied the that the polygraph results are grounds for a new trial under Rule 33. Accordingly, it is hereby

ORDERED AND ADJUDGED: The defendant's motion for a judgment of acquittal, or, in the alternative, a new trial, is DENIED.

**DONE AND ORDERED** in Miami, Florida, September 14th, 2009.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

Copies Furnished:  Counsel of Record